UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAQIANG WEI,<br><br>        Plaintiff,<br><br>    v.<br><br>BARRY VON KETTEL,<br><br>        Defendant. | No. 2:17-cv-01971-KJM-EFB<br><br>ORDER |

On September 22, 2017, defendant Barry Von Kettel, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. Von Kettel also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Sacramento County Superior Court and DENIES as moot defendant's motion to proceed in forma pauperis.

I.     SUBJECT MATTER JURISDICTION

    A.     Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal

1

question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

B.  Discussion

Von Kettel's Notice of Removal asserts the court has federal question jurisdiction under § 1331 because Von Kettel "seeks a safe harbor of his constitutional rights for a home in the face of housing discrimination from Plaintiff and retaliatory eviction in violation of federal housing laws." ECF No. 1 at 2. Von Kettel asserts, "Defendant is one class protected by Obama Homeowner Protection laws, California Homeowners/Tenant Bill of Rights, Department of Fair Housing and Urban Development and consumer protections." *Id.* at 2; *see id.* at 5. But the

complaint plaintiff filed in state court asserts only a claim for unlawful detainer, which is a matter of state law. *See* ECF No. 1 at 19.

As explained above, Von Kettel's answer or counterclaim cannot serve as the basis for federal question jurisdiction. *Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction. Von Kettel explicitly states in the Notice of Removal, "THIS IS NOT BASED on grounds of diversity of citizenship." ECF No. 1 at 8; *see id.* at 13 ("THIS REMOVAL IS NOT BASED on grounds of diversity citizenship, amount in controversy in excess of $75,000 does not apply."). Plaintiff's complaint seeks possession of the premises, costs incurred in the proceeding, forfeiture of the agreement, and damages of $11.66 per day from July 31, 2017, for each day that defendants remain in possession through entry of judgment. ECF No. 1 at 21. Plaintiff has pleaded that the amount demanded "does not exceed $10,000." ECF No. 1 at 19. Because these damages are not likely to total more than $75,000, and Von Kettel has provided no other evidence or allegations as to the amount in controversy, the court cannot exercise diversity jurisdiction over the action.

II. REQUEST TO PROCEED IN FORMA PAUPERIS

For the foregoing reasons, the court has determined sua sponte that it appears to lack subject matter jurisdiction, and thus remands the case to the Sacramento County Superior Court. *Cf.* Matheson, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). As a result, defendant's motion for in forma pauperis status is moot.

III. CONCLUSION

For the foregoing reasons, this action is REMANDED to Sacramento County Superior Court, and defendant's motion to proceed in forma pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: September 26, 2017

_____
UNITED STATES DISTRICT JUDGE